ÁNGEL L. ESQUILÍN APONTE ET ALS., recurrentes, *v.* JOSÉ APONTE DE LA TORRE, en su capacidad de ALCALDE del MUNICIPIO DE CAROLINA, COMPAÑÍA ASEGURADORA A, B, y C, ÁNGEL R. MARTÍNEZ, DIRECTOR del DEPARTAMENTO DE OBRAS PÚBLICAS, DELIA MUÑIZ CALDERÓN, DIRECTORA DEL PROGRAMA DE SALUBRIDAD, y LUIS DÍAZ CUEVAS, DIRECTOR de la OFICINA DE RECURSOS HUMANOS, recurridos.

*Número:* CC-1999-941 *Resuelto:* 8 de febrero de 2000

*Francisco A. Padilla*, abogado de la parte recurrente; *Francisco Aponte Pérez*, abogado de la parte recurrida.

PER CURIAM: El Sr. Ángel L. Esquilín Aponte (en adelante el peticionario), presentó un recurso de apelación ante el Tribunal de Circuito de Apelaciones el 16 de agosto de 1999, en el cual solicitó que se dejara sin efecto una sentencia sumaria dictada el 2 de julio del mismo año por el Tribunal de Primera Instancia, Sala Superior de Carolina.[1] El foro apelativo emitió sentencia el 30 de septiembre de 1999, en la que concluyó que la apelación presentada ante ese foro carecía de un apéndice completo, ya que no contenía la notificación del archivo en autos de la sentencia apelada. Desestimó la apelación por falta de jurisdicción.

Oportunamente, el peticionario presentó una moción de reconsideración para aducir que la notificación del archivo en autos de la sentencia sumaria dictada por el tribunal de instancia se encontraba en la página 53 del Apéndice. El tribunal apelativo, no obstante, emitió una resolución el 27 de octubre de 1999, copia de la cual fue archivada en autos el 9 de noviembre del mismo año, para declarar no ha lugar la reconsideración.

Inconforme, el peticionario compareció ante nos mediante un recurso de *certiorari*, en el que solicita que revoquemos la sentencia del tribunal apelativo; señala que ese foro erró al resolver que el recurso presentado no contenía copia alguna de la notificación de la sentencia de instancia. Incluyó como apéndice el legajo en apelación que presentó ante el Tribunal de Circuito de Apelaciones.

Una vez examinado el recurso ante nos, así como su apéndice, expedimos el auto y procedemos a resolver sin

---

[1] La sentencia del Tribunal de Primera Instancia fue archivada en autos el 16 de julio de 1999.

trámite ulterior con la autoridad que nos confiere la Regla 50 del Reglamento de este Tribunal, 4 L.P.R.A. Ap. XXII–A.

## I

■    La Regla 54.4 de Procedimiento Civil, 32 L.P.R.A. Ap. III, según enmendada, dispone, en lo pertinente, que:

> (a) Todo escrito de apelación y toda solicitud de *certiorari* incluirá un apéndice. Ese apéndice, junto al apéndice del alegato de la parte apelada o recurrida, será el legajo en apelación o *certiorari* ante el Tribunal de Circuito de Apelaciones, salvo que el tribunal ordene que se prescinda de éste y se eleve el expediente original.

■    Por otro lado, la Regla 16(E)(1)(a) del Reglamento del Tribunal de Circuito de Apelaciones, según enmendado, 4 L.P.R.A. Ap. XXII–A, impone la obligación de incluir en el apéndice del escrito de apelación una copia literal de la sentencia del Tribunal de Primera Instancia, cuya revisión se solicita, y *la notificación del archivo en autos de una copia de ésta.* Este requisito es de carácter jurisdiccional, ya que la notificación del archivo en autos es necesaria para determinar si la parte presentó dentro del término jurisdiccional de treinta (30) días su escrito de apelación. Regla 53.1 de Procedimiento Civil, 32 L.P.R.A. Ap. III. En ausencia de este importante documento, el Tribunal de Circuito de Apelaciones carece de jurisdicción para atender la apelación en los méritos.

## II

En el caso de autos, el peticionario, mediante una moción de reconsideración oportunamente presentada ante el tribunal apelativo, destacó que la notificación de la sentencia se encontraba en la página 53 del Apéndice, y que así lo indicaba su índice. Le solicitó al foro *a quo* que reconsiderara la desestimación de la apelación, ya que se habían

incluido en el apéndice todos los documentos que acreditaban fehacientemente la jurisdicción de ese tribunal. No obstante, el Tribunal de Circuito de Apelaciones se negó a reconsiderar.

En el recurso ante nos, el peticionario nos incluye el legajo en apelación en el cual se encuentra —en la página 53 del Apéndice— la notificación del archivo en autos de la copia de la sentencia del Tribunal de Primera Instancia. Siendo ese el caso, el tribunal apelativo estaba obligado a reconsiderar. Al no hacerlo, incurrió en un error craso.

▆ Es entendible que el Tribunal de Circuito de Apelaciones, por el cúmulo de trabajo que tiene ante sí, pueda errar en alguna de sus determinaciones. Sin embargo, lo que no podemos entender ni mucho menos justificar, es que si oportunamente se le presentan a dicho foro los fundamentos por los cuales se entiende ha errado, y siendo tan patente y obvio el error, dicho tribunal se obstine y mantenga su determinación original. El Tribunal de Circuito de Apelaciones está obligado, si se cumplen todos los requisitos que confieren jurisdicción a ese tribunal, a atender una *apelación* y resolverla en los méritos y de forma fundamentada. *Feliberty v. Soc. de Gananciales*, 147 D.P.R. 834 (1999); *Soc. de Gananciales v. García Robles*, 142 D.P.R. 241 (1997).

Por los fundamentos expuestos con anterioridad, resolvemos que ciertamente, el peticionario cumplió a cabalidad con las Reglas de Procedimiento Civil y con el Reglamento del Tribunal de Circuito de Apelaciones. Por lo tanto, el tribunal apelativo adquirió jurisdicción sobre la apelación presentada. En consecuencia, *se revoca la sentencia emitida por el Tribunal de Circuito de Apelaciones el 30 de septiembre de 1999 y se devuelve el caso al foro apelativo para que resuelva en los méritos la apelación presentada por el peticionario.*

*Se dictará la sentencia correspondiente.*

El Juez Asociado Señor Rebollo López y la Juez Asociada Señora Naveira de Rodón concurrieron con el resultado sin opinión escrita.