EL PUEBLO DE PUERTO RICO, recurrido, *v.* NORBERTO COLÓN CANALES, acusado peticionario.

*Número:* CC-2000-118    *Resuelto:* 25 de octubre de 2000

*Eduardo J. González De León* y *Jasón González Delgado*, de *González & González*, abogados del peticionario; *Gustavo Gelpí, Procurador General, Rosa N. Russé García, Subprocuradora General*, y *Miguel A. Santana Bagur, Procurador General Auxiliar*.

El Juez Asociado Señor Corrada Del Río emitió la opinión del Tribunal.

En el caso de autos, Norberto Colón Canales (peticionario) recurre ante nos para impugnar una sentencia del Tribunal de Circuito de Apelaciones (TCA). Mediante dicha sentencia, el TCA denegó acoger el recurso de apelación del peticionario —en un caso criminal— por no incluir copia de la sentencia dictada por el Tribunal de Primera Instancia (TPI), así como por no haber acreditado el cumplimiento con las Reglas 23(B) —notificación del escrito al Fiscal de Distrito y al Procurador General— y 24(A) —notificación del escrito a la Secretaría del TPI— del Reglamento del Tribunal de Circuito de Apelaciones (Reglamento),[1] según enmendado, 4 L.P.R.A. Ap. XXII-A. Revocamos.

I

Tras la celebración del juicio por tribunal de derecho, el peticionario fue encontrado culpable de un cargo de asesinato en primer grado, Art. 83 del Código Penal, 33 L.P.R.A. sec. 4002; de dos (2) violaciones al Art. 6 de la Ley de Armas de Puerto Rico, 25 L.P.R.A. sec. 416, y de dos (2) violaciones al Art. 8 de la Ley de Armas de Puerto Rico, 25 L.P.R.A. sec. 418.

El 3 de junio de 1999 el Hon. Wilfredo Padilla Soto, Juez del Tribunal de Primera Instancia, Sala Superior de Caguas, sentenció al peticionario a cumplir noventa y nueve (99) años de reclusión en el caso de asesinato, cuatro (4) años por cada infracción al citado Art. 6 de la Ley de Armas de Puerto Rico, y cinco (5) años por cada infracción al Art. 8 de la misma ley, *supra*.[2] Por tal razón, el peticionario sometió moción de reconsideración, la cual fue declarada no ha lugar.

---

[1] Al citar el Reglamento del Tribunal de Circuito de Apelaciones (TCA) nos referimos al último, a saber, el aprobado el 25 de abril de 1996 que entró en vigor el 1 de mayo de 1996, aplicable a este caso.

[2] Estas sentencias deben cumplirse concurrentemente.

Inconforme, el 1ro de julio de 1999, el peticionario presentó escrito de apelación ante el TCA. En dicho escrito, el peticionario incluyó una breve referencia de las sentencias, así como la fecha en que éstas se dictaron. No obstante, no acompañó el escrito con copia de las sentencias. Así también, al final del escrito, el peticionario certificó que notificó copia del escrito al Procurador General, a la Fiscal de Distrito y al TPI.(³)

El 27 de septiembre de 1999 el TCA emitió resolución, notificada el 5 de octubre, mediante la que concedió al peticionario un plazo de diez (10) días para que acreditase el cumplimiento con las Reglas 23(B) y 24(A) del Reglamento, *supra*. Así las cosas, el 15 de octubre de 1999, mediante *Moción en Cumplimiento de Resolución*, el peticionario informó que le había notificado a los fiscales un proyecto de exposición narrativa de la prueba, así como las cintas magnetofónicas de la grabación del juicio en su fondo, con la intención de llegar a una exposición estipulada. Por último, solicitó que se diese por cumplido lo ordenado en la Resolución de 27 de septiembre y que se le concediese un término razonable al Ministerio Público para que presentase su posición en cuanto al proyecto de exposición narrativa de la prueba oral.

No obstante lo anterior, el peticionario no acreditó en ese momento el cumplimiento con las Reglas 23(B) y 24(A) del Reglamento, *supra*, por entender que había cumplido apropiadamente con el requisito de notificación al así certificarlo en el escrito de apelación.

Luego de varios trámites procesales,(⁴) el 30 de noviem-

---

(³) El peticionario notificó mediante correo certificado con acuse de recibo tanto al Procurador General como a la Fiscal de Distrito el 1ro de julio de 1999, o sea, dentro del término para presentar el recurso. Mientras, notificó personalmente al Tribunal de Primera Instancia (TPI) mediante copia sellada presentada en la Secretaría de éste, dentro del término de cuarenta y ocho (48) horas requerido.

(⁴) El 27 de octubre de 1999 el TPI, mediante orden, le concedió quince (15) días al Ministerio Público para exponer su posición en cuanto a la exposición narrativa. El 23 de noviembre de 1999 el Ministerio Público le notificó al peticionario sus objeciones a la exposición narrativa. Como resultado de ello, el 3 de diciembre de

bre de 1999, el TCA dictó sentencia en la cual desestimó la apelación fundamentándose en que el peticionario no incluyó documento alguno que corroborase la fecha de las sentencias dictadas para cotejar su jurisdicción. Así también, el TCA expresó que el peticionario no había acreditado el cumplimiento con las Reglas 23(B) y 24(A) del Reglamento, *supra*.

Oportunamente, el 27 de diciembre de 1999, el peticionario presentó moción de reconsideración. Con dicho escrito, el peticionario incluyó los siguientes documentos: (1) copia de las sentencias dictadas, las cuales establecen que el TPI dictó sentencia el 3 de junio de 1999 y que el peticionario interpuso el recurso dentro del término jurisdiccional; (2) la primera página del recurso debidamente sellada por la Secretaría del TPI —el 1ro de julio de 1999 a las 4:56 P.M.— la que claramente evidencia que el recurso fue presentado ante el TPI dentro del término —de cumplimiento estricto— de las cuarenta y ocho (48) horas siguientes a la presentación del escrito ante el TCA, y (3) los originales de los recibos de pago de envío por correo certificado, así como de los acuses de recibo del correo certificado, los cuales acreditan fehacientemente que el peticionario notificó tanto al Procurador General como a la Fiscal de Distrito el 1ro de julio de 1999, el mismo día de la presentación del recurso. Estos documentos revelan que el peticionario, dentro del término jurisdiccional de treinta (30) días de dictarse la sentencia, presentó el escrito de apelación, se lo notificó al Fiscal de Distrito y al Procurador General, y dentro de las cuarenta y ocho (48) horas de presentado se lo notificó al TPI. El TCA declaró no ha lugar a la moción de reconsideración.

El peticionario recurrió ante nos, mediante recurso de *certiorari*, y alegó la comisión de los siguientes errores:

---

1999 el peticionario solicitó del TCA que le concediese un término de veinte (20) días para examinar las objeciones y, de ser necesario, celebrar una reunión con los fiscales que presentaron la prueba en el caso.

A. Erró el Honorable Tribunal de Circuito de Apelaciones al desestimar el recurso de apelación presentado por el aquí peticionario, por no haber incluido en el escrito inicial algún documento que corroborara la fecha de la sentencia, a pesar de que ni la ley ni el reglamento aplicable establecen dicho requisito.

B. Erró el Honorable Tribunal de Circuito de Apelaciones al determinar que el peticionario no acreditó la notificación de la presentación del escrito de apelación al Fiscal de Distrito y al Procurador General, a pesar de que en el escrito inicial se certificó la notificación a los funcionarios antes mencionados, mediante correo certificado con acuse de recibo, tal y como lo requiere la Regla 23(B) del Reglamento del Tribunal de Circuito de Apelaciones.

C. Erró el Honorable Tribunal de Circuito de Apelaciones al determinar que el peticionario no acreditó la notificación de la presentación del escrito de apelación a la Secretaría del Tribunal de Primera Instancia que dictó la sentencia, a pesar de que en el escrito inicial se certificó que el mismo día de la presentación se notificó una copia del escrito debidamente sellado con la fecha y hora al Tribunal de Primera Instancia, Sala Superior de Caguas, conforme con la Regla 24(A) del Reglamento del Tribunal de Circuito de Apelaciones.

D. Erró el Honorable Tribunal de Circuito de Apelaciones al declarar no ha lugar el escrito de reconsideración presentado por el peticionario, a pesar de que en dicho escrito se incluyeron todos los documentos que acreditaban que el recurso de apelación había sido presentado dentro del término jurisdiccional y que había sido notificado conforme a derecho al Fiscal de Distrito, al Procurador General y al tribunal apelado.

E. Erró el Honorable Tribunal de Circuito de Apelaciones al determinar que el recurso de apelación no se perfeccionó debidamente. Petición de *certiorari*, págs. 6–7.

Mediante Resolución de 10 de marzo de 2000, expedimos el auto. Transcurrido el término reglamentario y contando con la comparecencia de ambas partes, estamos en condición de resolver el recurso presentado.[5]

---

[5] Tanto el peticionario como el Procurador General coinciden en que, una vez acreditada su jurisdicción, el TCA debió acoger el recurso presentado.

## II

■ De entrada, es de rigor señalar que el derecho de apelación de una convicción es primordialmente estatutario. *Pueblo v. Esquilín Díaz*, 146 D.P.R. 808 (1998). Como tal, no hay un derecho constitucional de apelación,[6] sino "un privilegio estatutario que está disponible para aquellos que cumplen con los requisitos dispuestos en las leyes y reglas que lo regulan". *Pueblo v. Esquilín Díaz*, supra, pág. 816. Por lo que, a diferencia de los recursos discrecionales, una vez el tribunal adquiere jurisdicción y se observan los requisitos para el perfeccionamiento, el TCA tiene el deber de atender y resolver en los méritos "de forma fundamentada" el recurso de apelación. *Esquilín v. Alcalde Mun. de Carolina*, 150 D.P.R. 204 (2000); *Soc. de Gananciales v. García Robles*, 142 D.P.R. 241 (1997). Véase, también, *Feliberty v. Soc. de Gananciales*, 147 D.P.R. 834 (1999).

## III

■ Las Reglas 193 a 217 de Procedimiento Criminal, según enmendadas, 34 L.P.R.A. Ap. II, trazan el trámite procesal de un recurso de apelación criminal, desde el TPI —pasando por el TCA— hasta este Tribunal. Por su parte, las Reglas 23 a 30 del Reglamento, 4 L.P.R.A. Ap. XXII-A,

---

(6) En *Pueblo v. Serbiá*, 78 D.P.R. 788, 791–792 (1955), reiterado en *Pueblo v. Esquilín Díaz*, 146 D.P.R. 808, 816 (1998), señalamos que:

"Generalmente el derecho de apelación no es un derecho constitucional en el sentido de no haber sido inclu[i]do específicamente como uno de los derechos inalienables dentro de la [C]onstitución. Es cierto que tan pronto el derecho de apelación se incorpora a un sistema de justicia pública, por acción legislativa, entra a formar parte del debido proceso de ley y[,] por lo tanto[,] adquiere una categoría *cuasiconstitucional* (citas omitidas), pero no es menos cierto, que tratándose de un derecho que inicialmente es estatutario, la Legislatura tiene el derecho de prescribir la forma en que se ha de apelar." (Énfasis suplido.) Véanse, también: *Pueblo v. Ortiz Couvertier*, 132 D.P.R. 883, 892 (1993); *Pueblo v. Prieto Maysonet*, 103 D.P.R. 102, 106 (1974); *Reyes v. Delgado*, 81 D.P.R. 937, 941–942 (1960).

rigen el trámite a seguir desde la presentación del recurso de apelación criminal hasta su perfeccionamiento ante el TCA.

■ Conforme al ordenamiento procesal criminal, un escrito de apelación contra una sentencia dictada por el TPI tiene que ser presentado ante el TCA dentro del término jurisdiccional de treinta (30) días computados a partir de la fecha en que se dictó la sentencia. Regla 194 de Procedimiento Criminal, *supra*; Regla 23(A) del Reglamento, 4 L.P.R.A. Ap. XXII–A.[7]

■ Por otra parte, el contenido del escrito de apelación está delimitado tanto por la Regla 196 de Procedimiento Criminal, *supra*, como por la Regla 26 del Reglamento, *supra*. En lo referente a la controversia ante nos, la Regla 196 de Procedimiento Criminal, *supra*, dispone que "[e]l escrito de apelación especificará el nombre o nombres de los acusados apelantes; *designará la sentencia de la cual se apela*, y especificará que la apelación se establece para ante el Tribunal de Circuito de Apelaciones". (Énfasis suplido.)

Sobre el particular, de forma más específica, la Regla 26 del Reglamento, *supra*, en lo pertinente, preceptúa lo siguiente:

(C) *Cuerpo.*—
(1) Se hará constar el nombre de las partes apelantes en la comparecencia.
(2) *Se hará una referencia a la sentencia de la cual se apela, la Sala del Tribunal de Primera Instancia que la dictó y la*

---

[7] Cabe señalar que, de presentarse una moción de nuevo juicio basada en las Reglas 188(e) y 192 de Procedimiento Criminal, 34 L.P.R.A. Ap. II, o una moción de reconsideración —dentro de los quince (15) días siguientes a la fecha en que se dictó la sentencia— el término para presentar el recurso de apelación comienza a decursar desde que se le notifica "al acusado la orden del tribunal denegando la moción de nuevo juicio" o "se archiv[a] en autos la notificación de la resolución del tribunal adjudicando la moción de reconsideración," según fuere el caso. Regla 194 de Procedimiento Criminal, 34 L.P.R.A. Ap. II. Véanse, también: Regla 23(A) del Reglamento del Tribunal de Circuito de Apelaciones (Reglamento), 4 L.P.R.A. Ap. XXII-A; *Pueblo v. Santana Rodríguez*, 148 D.P.R. 400 (1999).

*fecha en que lo hizo o la fecha de notificación de la resolución de una moción que hubiera interrumpido el plazo apelativo dispuesto en las Reglas de Procedimiento Criminal. Identificará, además, cualquier otro recurso sobre el mismo caso o asunto que se encuentre pendiente a la fecha de presentación.*

(3) Especificará el Circuito Regional ante el cual se apela.

(4) Incluirá un señalamiento breve y conciso de los errores en que se fundamenta la apelación.

(5) Informará si la persona convicta se encuentra en libertad bajo fianza, en probatoria o recluida en una institución penal.

(D). *Número de páginas.—* El escrito de apelación no excederá de tres (3) páginas, *exclusive de la cubierta y la certificación de notificación,* salvo que el tribunal autorice un número mayor de páginas conforme a lo dispuesto en la Regla 70(D) de este Apéndice. (Énfasis suplido y en el original.)

Las reglas antes citadas establecen claramente el contenido del escrito de una apelación criminal. De su lectura no se desprende la obligación del apelante —a diferencia de un recurso de apelación de una sentencia civil—[8] de incluir copia de la sentencia al presentar el escrito. Tampoco exigen la presentación de un apéndice. Ello porque la Regla 28(A) del Reglamento, *supra*, dispone que se elevará el expediente de apelación y se presentará el alegato treinta (30) días después. La única referencia a un apéndice surge de la Regla 28(D) del Reglamento, *supra*, que dispone que el alegato de la parte apelante y el de réplica del Procurador General podrán contener un apéndice.[9] La Regla 26 del Reglamento, *supra*, no hace referencia a apéndice alguno, en el cual se tuviese que incluir copia de la sentencia. La obligación del apelante se

---

[8] Véanse: Regla 54.4 de Procedimiento Civil, 32 L.P.R.A. Ap. III; Regla 16(E)(1)(b) del Reglamento, 4 L.P.R.A. Ap. XXII-A; *Esquilín v. Alcalde Mun. de Carolina*, 150 D.P.R. 204 (2000).

[9] La Regla 28(D) del Reglamento, *supra*, preceptúa que tanto el alegato como "la réplica del (de la) Procurador(a) General no excederán de veinticinco (25) páginas, exclusive del índice, *del apéndice* y de la certificación de notificación, salvo que el tribunal autorice un número mayor de páginas, conforme a lo dispuesto en la Regla 70(D) ...". (Énfasis suplido.)

circunscribe a hacer una mera referencia de la sentencia que incluya la sala del TPI y la fecha en que se dictó.([10])

En el caso de autos, el peticionario presentó su escrito de apelación dentro del término jurisdiccional.([11]) Dicho escrito cumplía fielmente con los requisitos esbozados por la Regla 26 del Reglamento, *supra*,([12]) por lo que erró el TCA al desestimar el recurso por no incluir en el escrito inicial algún documento que corroborase la fecha de la sentencia dictada.

■ Un tribunal no "puede exigir[le] a un apelante más allá de lo que la Ley y el Reglamento disponen".([13]) Véanse: *Irizarry v. J & J Cons. Prods., Co., Inc.*, 150 D.P.R. 155 (2000): *Drog. Central v. Diamond Pharm. Serv., Inc.*, 150 D.P.R. 62 (2000). Esto no es óbice para que, posterior a la presentación del escrito de apelación criminal, el TCA, en el deber ministerial de velar por su jurisdicción,([14]) le requiera a un apelante que presente algún documento que acredite la fecha en que se dictó la sentencia apelada.

Desde el punto de vista apelativo, la mejor práctica —en lo criminal— sería que el apelante incluyese una copia de la sentencia dictada o de un documento similar con el propósito de acreditar la jurisdicción del tribunal. Sin embargo, ello no constituye una obligación que de no cumplirse prive al TCA de jurisdicción.

Sobre el particular, el peticionario adujo que una copia de la sentencia dictada debía ser incluida como parte del

---

([10]) El legajo en una apelación criminal consiste del expediente original del TPI, al que, posteriormente, se le anejará la exposición o la transcripción de la prueba oral. Como regla general, el legajo o expediente de apelación tiene que elevarse al TCA dentro de los treinta (30) días siguientes a la presentación de la apelación. Regla 77 del Reglamento, 4 L.P.R.A. Ap. XXII-A.

([11]) El TPI dictó sentencia el 3 de junio de 1999. El término venció el sábado 3 de julio de 1999. Por lo cual, al ser feriado el lunes 5 de julio, el plazo expiró el martes 6 de julio de 1999. El peticionario presentó su escrito el 1ro de julio de 1999.

([12]) Véase *Exhibit* 1 de la Petición de *certiorari*, págs. 1–4.

([13]) Petición de *certiorari*, pág. 7.

([14]) Véanse: *Pueblo en interés menor J.M.R.*, 147 D.P.R. 65 (1998); *Soc. de Gananciales v. A.F.F.*, 108 D.P.R. 644, 645 (1979).

apéndice del alegato. Por el contrario, el Procurador General expuso que una copia de la sentencia o del documento similar —por ejemplo, una minuta—([15]) debía ser presentado previo a someter el alegato, ya que debía, en el supuesto de falta de jurisdicción, evitarse incurrir en gestiones encaminadas al perfeccionamiento del recurso, tal como la preparación de una exposición narrativa. Sin embargo, este argumento es débil, ya que si el tribunal carece de jurisdicción —por presentación tardía— y el Procurador General se percata, lo que corresponde es que éste ilustre al tribunal mediante la presentación de una moción de desestimación, y que aneje a ésta una copia de la sentencia dictada.

## IV

Referente al segundo señalamiento de error, el TCA denegó el recurso de apelación, *inter alia,* por no acreditar la notificación de la presentación del escrito al Fiscal de Distrito y al Procurador General. Sobre ello, el peticionario nos planteó que basta con certificar en el escrito de apelación que se efectuaron las notificaciones para cumplir con el requisito de notificación.

Sobre el particular, tanto las Reglas de Procedimiento Criminal como la Regla 23(B) del Reglamento, *supra*, requieren que el presentante notifique la presentación del recurso tanto al Fiscal de Distrito como al Procurador General dentro del término jurisdiccional para presentarlo. Véase, además, Regla 194 de Procedimiento Criminal, 34 L.P.R.A. Ap. II.

En la presente situación, el peticionario certificó en el mismo escrito de apelación haber notificado copia de éste

---

([15]) En *Pueblo v. Pacheco Armand,* 150 D.P.R. 53, 61 (2000), resolvimos que el presentante de un recurso de *certiorari* —en un caso criminal— puede recurrir ante el TCA mediante una minuta, si ésta "recoge en términos claros y precisos la decisión del juez que se pretende revisar ...".

tanto al Procurador General como a la Fiscal de Distrito, lo cual era suficiente para dejarle saber al tribunal que había cumplido con lo dispuesto. Sin embargo, ello no impedía que el TCA, en su deber de velar por su jurisdicción,[16] le solicitara que acreditase haber cumplido con las notificaciones requeridas. No obstante, erró al desestimar sin antes advertirle sobre las posibles sanciones por no cumplir con dicha orden. *Pueblo v. Pacheco Armand*, supra, pág. 545; *Soc. de Gananciales v. García Robles*, supra, pág. 251; *López Rivera v. Rivera Díaz*, 141 D.P.R. 194 (1996).

■   Como agravante a la situación, el TCA no acogió la reconsideración oportunamente presentada por el peticionario, la que incluía los originales del recibo de pago de envío por correo certificado, así como los originales de los acuses de recibo que acreditaban fehacientemente el haber notificado copia del recurso dentro del término jurisdiccional.

## V

■   Por otra parte, el TCA también desestimó la apelación porque el peticionario no le acreditó el haber efectuado la notificación de una copia sellada del recurso a la Secretaría del TPI dentro del término de cumplimiento estricto de las cuarenta y ocho (48) horas siguientes a la presentación del recurso ante el TCA. Regla 24(A) del Reglamento, *supra*. Véase Regla 194 de Procedimiento Criminal, *supra*.[17] Ante ésto, el peticionario alegó que era suficiente

---

[16] Véase esc. Núm. 14.

[17] En lo pertinente, la Regla 194 de Procedimiento Criminal, *supra*, preceptúa lo siguiente:

"... *si el recurso fuere presentado en la Secretaría del Tribunal de Circuito de Apelaciones, será responsabilidad del apelante o peticionario notificar a la secretaría del Tribunal de Primera Instancia que dictó la sentencia, dentro de las cuarenta y ocho (48) horas siguientes a la presentación del escrito de apelación o de certiorari, una copia de tal escrito, debidamente sellada con la fecha y hora de su presentación.*" (Énfasis suplido.)

que él hubiese certificado en el escrito inicial que había cumplido con tal notificación.

Conforme a los hechos de este caso, el TCA no erró al requerirle al peticionario que le acreditase el haber efectuado la notificación al TPI. Ello, a pesar de que así lo había certificado el peticionario en su escrito inicial. Sin embargo, el TCA erró al rechazar la apelación, a pesar de que el peticionario sometió un escrito de reconsideración en el cual incluyó copia de la primera página del recurso de apelación debidamente sellada por el TPI dentro del término de cuarenta y ocho (48) horas requerido.

## VI

En su cuarto señalamiento de error, el peticionario cuestiona el que el TCA no acogiese su moción de reconsideración en la que incluyó los documentos necesarios para acreditar que el escrito fue presentado dentro del término jurisdiccional, así como que el éste había sido notificado conforme a derecho.

De lo expresado anteriormente surge que el recurso de apelación se perfeccionó debidamente, por lo que el TCA erró al desestimar.

Por los fundamentos antes esbozados, se revoca la sentencia dictada por el Tribunal de Circuito de Apelaciones y se devuelve el caso al foro apelativo para que resuelva en los méritos el recurso presentado por el peticionario.

*Se dictará sentencia de conformidad.*

El Juez Asociado Señor Fuster Berlingeri concurrió con el resultado sin opinión escrita.