ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL IV

| | | |
|---|---|---|
| EL PUEBLO DE PUERTO RICO<br><br>Parte Apelada<br><br>v.<br><br>DELWIN BERRÍOS NAVARRO<br><br>Parte Apelante | KLAN202400157 | *Apelación* procedente del Tribunal de Primera Instancia, Sala Superior de Humacao<br><br>Crim. Núm.: HSCR202300463-0468<br><br>Sobre: INFR. ARTS. 93 C.P. Y OTROS |

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, la Jueza Rivera Marchand y el Juez Rodríguez Flores.

Rodríguez Flores, juez ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 21 de marzo de 2024.

El 20 de febrero de 2024, el señor Delwin Berríos Navarro (Berríos Navarro) presentó un recurso de apelación en el que solicita que revisemos la sentencia dictada en su contra el 25 de enero de 2024 por el Tribunal de Primera Instancia (TPI), Sala Superior de Humacao. Al final del escrito, Berríos Navarro certificó que notificó copia de su recurso a la Fiscalía de Distrito de Humacao y a la secretaría del TPI, Sala de Humacao.

Ante la falta de notificación a la Oficina del Procurador General, y en aras de cumplir con el deber de velar por nuestra jurisdicción, el 7 de marzo de 2024, emitimos una *Resolución* en la que concedimos a Berríos Navarro hasta el 11 de marzo de 2024 para acreditar haber notificado la presentación de su recurso según lo requiere la Regla 23 del Reglamento de este Tribunal de Apelaciones[1].

---

[1] 4 LPRA Ap. XXII-B, R. 23.

El 13 de marzo de 2024, Berríos Navarro presentó una *Moción en Cumplimiento de Orden,* en la que evidenció haber notificado la presentación del recurso mediante correo electrónico a la Fiscalía de Distrito de Humacao y, al tribunal apelado, mediante una moción a la que unió la copia de la carátula del recurso ponchada como recibida por el Tribunal de Apelaciones.

El 14 de marzo de 2024, la Oficina del Procurador General instó una *Solicitud de Desestimación.* Basó su escrito en que el recurso presentado por Berríos Navarro fue notificado a la Fiscalía de Distrito de Humacao, pero no a la Oficina del Procurador General.

Ante la comparecencia de las partes, resolvemos.

## I.

La jurisdicción es el poder o la autoridad que tiene un tribunal para considerar y decidir casos o controversias.[2] Por esa razón, lo primero que se debe considerar en toda situación jurídica presentada ante un foro adjudicativo, es el aspecto jurisdiccional, pues una sentencia dictada sin jurisdicción es nula.[3] Cónsono con ello, el foro judicial está obligado a auscultar el cumplimiento de los requisitos jurisdiccionales que la ley establece, antes de considerar los méritos de una controversia.[4]

Así, el Tribunal Supremo ha reafirmado que los entes adjudicativos tienen que ser guardianes celosos de su jurisdicción y no poseen discreción para asumirla si no existe.[5] Consecuentemente, cuando un tribunal carece de jurisdicción, está obligado a así declararlo y desestimar el recurso, sin entrar en los méritos de la controversia.[6] Cónsono con ello, la Regla 83 del

---

[2] *FCPR v. ELA et al.,* 211 DPR 521, 529 (2023); *Cobra Acquisitions v. Mun. de Yabucoa et al.,* 210 DPR 384, 394 (2022); *Pueblo v. Rivera Ortiz,* 209 DPR 402, 414 (2022); *Beltrán Cintrón et al. v. ELA et al,* 204 DPR 89, 101 (2020).
[3] *Metro Senior v. AFV,* 209 DPR 203, 208-209 (2022); *Ruiz Camilo v. Trafon Group, Inc.,* 200 DPR 254, 268 (2018).
[4] *Ruiz Camilo v. Trafon Group, Inc.,* supra.
[5] *Torres Alvarado v. Madera Atiles,* 202 DPR 495, 500 (2019).
[6] *Rivera Marcucci v. Suiza Dairy Inc.,* 196 DPR 157, 165 (2016); *Mun. de San Sebastián v. QMC Telecom,* 190 DPR 652, 660 (2014).

Reglamento del Tribunal de Apelaciones nos autoriza a desestimar un recurso cuando carecemos de jurisdicción para atenderlo.[7]

La Regla 194 de Procedimiento Criminal[8] y la Regla 23 del Reglamento de este Tribunal de Apelaciones[9] disponen que la apelación de cualquier sentencia final dictada en un caso criminal se formalizará presentando el escrito en la secretaría de la sala del TPI que dictó la sentencia o en la secretaría del Tribunal de Apelaciones dentro de los treinta (30) días siguientes a la fecha en que la sentencia fue dictada.

A su vez, ambos estatutos requieren que el promovente de una apelación criminal notifique la presentación de su recurso tanto al Fiscal del Distrito como al Procurador General, dentro del término jurisdiccional para presentar el recurso.[10]

La notificación de la presentación del escrito de apelación al Fiscal de Distrito y al Procurador General se efectuará mediante entrega personal, o por correo certificado con acuse de recibo o mediante un servicio similar de entrega por compañía privada con acuse de recibo, dentro del término de treinta (30) días provisto para la presentación del recurso. A diferencia del término para apelar, el término para notificar es de cumplimiento estricto.[11]

---

[7] 4 LPRA Ap. XXII-B, Regla 83.

[8] 34 LPRA sec. 194.

[9] 4 LPRA Ap. XXII-B, R. 23.

[10] En lo concerniente al Procurador General, el Artículo 60(a) y (b) de la Ley Núm. 205-2004, *Ley Orgánica del Departamento de Justicia,* 3 LPRA sec. 2941(a) y (b), establece que:

> a) El Procurador General representará al Estado Libre Asociado en todos los asuntos civiles y **criminales** en que éste sea parte o esté interesado y **que se tramiten en grado de apelación o en cualquier otra forma ante los tribunales apelativos de Puerto Rico**, de los Estados Unidos, o de cualquier otro estado federado, territorio o posesión de los Estados Unidos de América, excepto en los casos en los cuales el Secretario determine otra cosa.
>
> (b) El Procurador General también representará ante cualquier tribunal apelativo a aquellas partes o intereses representados por el Departamento en primera instancia **y comparecerá ante cualquier tribunal apelativo en la continuación de otras causas tramitadas en primera instancia por el Departamento** o por representación legal externa, excepto en los casos en los cuales el Secretario determine otra cosa y sujeto a las excepciones que puedan establecerse por ley.

[11] *Íd.*

También, el inciso (B) de la Regla 23 de nuestro Reglamento permite que la notificación pueda efectuarse, dentro del término de cumplimiento estricto, por otros medios, en la forma y bajo los requisitos dispuestos en la Regla 13(B). Es decir, mediante correo electrónico o telefax, siempre que el documento notificado sea copia fiel y exacta del documento original.[12]

Con relación a los términos de cumplimiento estricto, el Tribunal Supremo ha expresado que, los foros adjudicativos no tienen discreción para prorrogar tales términos automáticamente.[13] Los tribunales solamente tienen discreción para prorrogar tales términos cuando se demuestra que la dilación se debió a justa causa.[14] La acreditación de la justa causa se cumple con explicaciones concretas y particulares, debidamente evidenciadas.[15] El que no se cause perjuicio a la otra parte no es determinante para la acreditación de la justa causa.[16] Así pues, en ausencia de justa causa, carecemos de discreción para prorrogar el término y acoger el recurso ante nuestra consideración.[17]

Por último, hay que añadir que no hay un derecho constitucional de apelación en un caso criminal, sino un privilegio estatutario que está disponible para aquellos que cumplen con los requisitos establecidos en las leyes y las reglas que lo regulan.[18]

## II.

En el presente caso, Berríos Navarro certificó en su escrito de apelación haber notificado copia de éste a la Fiscalía de Distrito de Humacao y a la secretaría del tribunal apelado y, en su *Moción en*

---

[12] 4 LPRA Ap. XXII-B, R. 13.

[13] *Rosario Domínguez et als. v. ELA et al,* 198 DPR 197, 210 (2017); *Rojas v. Axtmayer Ent., Inc.,* 150 DPR 560, 564 (2000).

[14] *Íd.*; *Rivera Marcucci v. Suiza Dairy Inc.*, supra, pág. 171; *Toro Rivera et als. v. ELA et al.,* 194 DPR 393, 414-415 (2015).

[15] *Rosario Domínguez et als. v. ELA et al,* supra; *Rojas v. Axtmayer Ent., Inc.,* supra, pág. 565.

[16] *Rosario Domínguez et als. v. ELA et al,* pág. 211.

[17] *Rojas v. Axtmayer Ent., Inc.,* supra, pág. 564.

[18] *Pueblo* v. *Esquilín Díaz,* 146 DPR 808, 816 (1998), seguido en *Pueblo v. Colón Canales,* 152 DPR 284, 291 (2000).

*Cumplimiento de Orden,* evidenció haber cumplido con esas dos notificaciones dentro del término de cumplimiento estricto.

Sin embargo, Berríos Navarro incumplió su deber de notificar su recurso al Procurador General. Las citadas disposiciones reglamentarias exigen la notificación de la presentación del recurso de apelación tanto al Fiscal de Distrito como al Procurador General, dentro del término para presentarlo. El apelante Berríos Navarro no consignó la justa causa por la cual incumplió con el requisito de notificar al Procurador General.

Toda vez que en este caso no se efectuó la notificación requerida por las citadas normas, y ante la alegación del Procurador General de que no fue notificado, carecemos de jurisdicción para atender el recurso y procede su desestimación.

### III.

Por los fundamentos que anteceden, se desestima el recurso por falta de jurisdicción.

**Notifíquese.**

Lo acuerda y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones