ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL V

| | | |
|---|---|---|
| EL PUEBLO DE PUERTO RICO<br><br>Apelado<br><br>v.<br><br>EDWIN BURGOS MARTÍNEZ<br><br>Apelante | KLAN202400557 | *Apelación* procedente del Tribunal de Primera Instancia, Sala de Vega Baja<br><br>Caso Núm.: D4TR2023-0108<br><br>Sobre: Infracción Artículo 7.02 de la Ley Núm. 22 del 7 de enero de 2000. Ley de Vehículos y Tránsito de Puerto Rico, según enmendada |

Panel integrado por su presidente, el Juez Hernández Sánchez, la Jueza Romero García y la Jueza Martínez Cordero.

*Martínez Cordero, jueza ponente*

**SENTENCIA**

En San Juan, Puerto Rico, a 23 de septiembre de 2024.

Comparece Edwin Burgos Martínez (en adelante, señor Burgos Martínez y/o apelante) mediante un *Recurso de Apelación*, para solicitarnos la revisión de la *Sentencia* emitida el 5 de junio de 2024, y notificada el 6 del mismo mes y año, por el Tribunal de Primera Instancia, Sala Superior de Vega Baja (en adelante, TPI y/o foro primario).[1] Mediante la *Sentencia* apelada, el foro primario, habiendo declarado al aquí apelante convicto por conducir un vehículo de motor bajo los efectos de bebidas embriagantes, lo condenó a una pena $2,000 dolares de multa base, $100 dólares para el fondo de mejoramiento tecnológico, profesional y laboral de la Policía de Puerto Rico, y cinco (5) días de reclusión suspendidos, con la condición de que se sometiera al Programa de Rehabilitación

---

[1] Apéndice el recurso, Anejo I.

Número Identificador

SEN2024_____

de la Administración de Servicios de Salud Mental y Contra la Adicción (ASSMCA). Además, le impuso sesenta (60) días de cárcel, por la tercera reincidencia, sesenta (60) días de servicio comunitario, y el pago del comprobante de la pena especial. Igualmente, le suspendió la licencia de conducir vehículo de motor de manera indefinida.

Por los fundamentos que expondremos, se *confirma* la *Sentencia* apelada.

I

Surge de los autos que, el 4 de mayo de 2023, se presentó una *Denuncia* en contra del señor Burgos Martínez en la cual se alegó que este infringió el Artículo 7.02 de la Ley de Vehículos y Tránsito de Puerto Rico (Ley de Vehículos y Transito),[2] cuando, el 26 de marzo de 2023, condujo un vehículo de motor por el Kilómetro 40.5 de la Calle #2 de Bayamón bajo los efectos de bebidas embriagantes.[3] Se desprende, además, que el apelante se sometió libre y voluntariamente a una prueba de aliento con el instrumento "Intoxilyzer 9000", arrojando 0.102% de alcohol en su organismo. Ese mismo día, se celebró la vista conforme a la Regla 6 de Procedimiento Criminal,[4] y se determinó causa probable para arresto.[5] En lo atinente, el foro de instancia recibió prueba sobre "Intoxil[y]zer 9000, boleto expedido, Informe [de] Pasos Operacionales, Advertencias [y] Sentencia 28/6/22 (reincidencia).

Tras varias incidencias procesales innecesarias pormenorizar, el 10 de abril de 2024, se celebró el juicio en su fondo.[6] Lugo de escuchar los testimonios de los testigos y evaluar la prueba documental exhibida durante el juicio, el juzgador de instancia encontró al acusado culpable del delito imputado. A tenor, señaló el

---

[2] Ley Núm. 22-2000, 9 LPRA sec. 5202.
[3] Autos originales del alfanumérico D4TR2023-0108.
[4] 4 LPRA Ap. XXII-B, R. 6.
[5] Autos originales del alfanumérico D4TR2023-0108.
[6] *Íd.*

acto de lectura de sentencia para el 29 de mayo de 2024, y refirió el caso a ASSMCA para que se rindiera un informe pre-sentencia.

Llegado el día pautado para el acto de lectura de sentencia, el aquí apelante solicitó término para discutir el informe pre-sentencia. A esos efectos, el TPI recalendarizó la referida vista para el 5 de junio de 2024.[7]

Así las cosas, el 5 de junio de 2024, antes de celebrarse el acto de lectura de sentencia, el apelante presentó una *Moción solicitando restricción domiciliaria como imposición de pena*.[8] En el escrito, sostuvo, esencialmente, que, de una lectura del informe pre-sentencia, se desprendía que el señor Burgos Martínez cualificaba en derecho para cumplir la pena mediante sentencia suspendida y tratamiento. Además, subrayó que, aunque el Artículo 7.08 de la Ley de Vehículos y Transito[9] prohíbe expresamente que se le conceda una sentencia suspendida a una persona que ha sido convicta en múltiples ocasiones por infracciones a la aludida ley,[10] como en el caso del señor Burgos Martínez, el artículo no expresa ningún impedimento para que se concedan penas alternativas.

En vista de los anterior, el juzgador de instancia brindó oportunidad a las partes de expresarse en corte abierta sobre la moción presentada.[11] En reacción, el Ministerio Público se opuso a que se cumpliera la pena mediante restricción domiciliaria.[12] Principalmente, expresó que la Ley de Vehículos y Tránsito[13] es clara en que, en casos de reincidencia, la pena debe ser cárcel.[14] Sostuvo que, en estos casos, el tribunal únicamente tiene discreción en cuanto a los días de cárcel que se van a imponer, de modo que no

---

[7] *Íd.*
[8] Apéndice del recurso, Anejo II, a las págs. 1-3.
[9] 9 LPRA sec. 5208.
[10] 9 LPRA sec. 5202.
[11] Transcripción estipulada de la vista de sentencia, a la pág. 3-4.
[12] *Íd.,* a la pág. 4.
[13] Ley 22-2000, *supra*, 9 LPRA sec. 5001 *et seq.*
[14] Transcripción estipulada de la vista de sentencia, a la pág. 5.

tiene la opción de optar por una pena alternativa.[15] Po su parte, el apelante planteó que la mencionada ley solamente prohíbe conceder, en los casos de reincidencia, una sentencia suspendida.[16] Arguyó que, conforme al caso de *El Pueblo de Puerto Rico v. Christian Abdiel Rodríguez Mendez*,[17] resuelto por el Tribunal de Apelaciones, la sentencia suspendida no es lo mismo que la restricción domiciliaria. De manera que no existía impedimento para que el juzgador concediera esa pena alternativa.[18] Evaluadas las posturas de las partes, el foro primario declaró *No Ha Lugar* la moción presentada por el apelante. Justipreció que las disposiciones del Artículo 7.04 de la Ley de Vehículos y Transito[19] eran específicas, por lo que el tribunal no tenía discreción para variar la pena.[20]

De ahí, y luego de haberse pronunciado en corte abierta, el 5 de junio de 2024, el tribunal de instancia dictó la *Sentencia* apelada, la cual fue notificada al día siguiente.[21] En la *Sentencia,* el foro *a quo* condenó al apelante a lo siguiente:

> la pena de $2,000.00 de multa base y $100.00 para el fondo de mejoramiento de la Ley 144 o un (1) día de prisión por cada ($50.00) que deje de satisfacer y cinco (5) días de reclusión, suspendidos con la condición de que se someta al Programa de Rehabilitación de la Administración de Servicios de Salud Mental y contra la Adicción (ASSMCA). Además, se impone 60 días de cárcel por la tercera reincidencia. Se impone Servicios comunitarios de sesenta (60) días. Se ordena al Departamento de Transportación y Obras Pública[s] a no expedir o renovar licencia de conducir indefinidamente. Se revoca la licencia de conducir indefinidamente. Se le impone el pago del comprobante de la Pena Especial. El imputado pagará multa, pena especial y asistirá a ASSMCA. Se retiene licencia de conducir.[22]

---

[15] *Íd.,* a la pág. 5.
[16] *Íd.,* a la pág. 7.
[17] Véase alfanumérico KLCE202000438.
[18] Transcripción estipulada de la vista de sentencia, a la pág. 7.
[19] Ley Núm. 22-200, *supra,* 9 LPRA sec. 5204.
[20] Transcripción estipulada de la vista de sentencia a la pág. 10.
[21] Anejo 1 del escrito de apelación del apelante.
[22] *Íd.*

En desacuerdo, el 6 de junio de 2024, el apelante presentó un *Recurso de Apelación* en el cual esgrimió la comisión del siguiente error:

(A) Err[ó] el Honorable Tribunal de Primera Instancia al interpretar que las disposiciones del artículo 7.04 de la ley 22 de tránsito, establecen que una sentencia de culpabilidad por violaciones al art. 7.02 de la misma ley, con reincidencia, niega la posibilidad de una pena de restricción domiciliaria, cuando el propio art. 7.02 de la mencionada ley especial, menciona expresamente que este privilegio no estará disponible cuando se trate de una solicitud de sentencia suspendida, no expresando impedimento alguno en cuanto a una restricción domiciliaria.

Junto al antedicho recurso, el señor Burgos Martínez presentó una *Moción en auxilio de jurisdicción,* la cual está Curia declaró *No Ha Lugar* mediante *Resolución,* emitida el 6 de junio de 2024.

El 11 de julio de 2024, compareció el apelante para acreditar el cumplimiento en lo que respecta a la notificación del recurso. Posteriormente, el 17 de julio de 2024, presentó la transcripción de la prueba oral debidamente estipulada por las partes del título.

Así las cosas, el 16 de agosto de 2024, el apelante presentó su *Alegato.* Por su parte, el 19 de septiembre compareció la parte apelada mediante *Alegato del pueblo*.

Con el beneficio de la comparecencia de ambas partes, procederemos a exponer el derecho aplicable.

II

**A. Apelación Criminal**

Sabido es que, en nuestra jurisdicción, toda persona acusada tiene derecho a apelar la sentencia penal que recaiga en su contra.[23] Aunque el derecho a apelación no se encuentra en nuestra Carta de Derechos, nuestro Tribunal Supremo ha puntualizado que el mismo es un privilegio estatutario de carácter cuasiconstitucional.[24] Por

---

[23] *Pueblo v. Torres Medina,* 211 DPR 950, 959 (2023).
[24] *Pueblo v. Rivera Ortiz,* 209 DPR 402, 419 (2022); *Pueblo v. Serbiá,* 78 DPR 788, 791–792 (1955).

ello, los tribunales apelativos deben velar que al convicto no se le prive de sus derechos de manera arbitraria, irrazonable o discriminatoria, y que no se comentan violaciones a las garantías constitucionales del debido proceso de ley e igual protección de las leyes.[25] Ahora bien, para que surja el deber de esta Curia de atender y resolver en los méritos un recurso de apelación criminal, este Tribunal debe adquirir jurisdicción y el apelante debe cumplir con los requisitos para su perfeccionamiento.[26] Cumplido lo anterior, estaremos facultados para considerar cualquier error de derecho cometido por el tribunal de instancia o evaluar asuntos combinados de hecho y de derecho.[27]

El trámite procesal de un recurso de apelación criminal, desde el Tribunal de Primera Instancia, pasando por este Tribunal intermedio, y hasta el Tribunal Supremo, se rige por las Reglas 193 a 217 de las Reglas de Procedimiento Criminal, según enmendadas.[28] Asimismo, las Reglas 23 a la 30.1 del Reglamento de nuestro Tribunal,[29] rigen el trámite a seguir desde la presentación del recurso de apelación criminal, hasta su perfeccionamiento. La Regla 23 (A) de nuestro Reglamento dispone que, un escrito de apelación criminal, contra una sentencia emitida por foro primario, tiene que ser presentado ante el Tribunal de Apelaciones dentro del término jurisdiccional de treinta (30) días, computados a partir de la fecha en que se dictó la sentencia.[30] Como es sabido, un plazo jurisdiccional es de carácter fatal, por lo que no admite justa causa, es improrrogable, y su incumplimiento es insubsanable.[31]

---

[25] *Pueblo v. Rivera Ortiz*, supra, a las págs. 419-420; *Pueblo v. Esquilín Díaz*, 146 DPR 808, 816 (1998).
[26] *Pueblo v. Colón Canales*, 152 DPR 284, 291 (2000).
[27] *Pueblo v. Rivera Ortiz*, a la pág. supra, 422.
[28] 34 LPRA Ap. II.
[29] 4 LPRA Ap. XXII-B.
[30] 4 LPRA Ap. XXII-B., R. 23.
[31] *Ruiz Camilo v. Trafon Group, Inc.,* 200 DPR 254, 268-269 (2018) *Martínez, Inc. v. Abijoe Realty Corp.*, 151 DPR 1, 7 (2000).

En lo pertinente al caso ante nuestra consideración, cuando se estime que para resolver una apelación es necesario que esta Curia considere alguna porción de la prueba oral presentada ante el foro primario, la parte apelante deberá radicar una moción dentro de los diez (10) siguientes a la radicación del recurso. Mediante la referida moción, debe acreditar el método de reproducción de la prueba que ha de utilizar, y los motivos por los cuales este es el más apropiado.[32] Con respecto a la reproducción de la prueba oral mediante transcripción, la Regla 29(C) dispone que se hará conforme a la Regla 76 del mismo reglamento.[33] Si se tratase de una exposición estipulada o una exposición narrativa, se hará conforme a las disposiciones de la Regla 76.1.[34] Por último, cabe destacar que la Regla 76 (B) dispone de un término de treinta (30) días, contados a partir de la entrega de la regrabación, para que la parte apelante presente la transcripción de la prueba oral, salvo que esta Curia disponga otra cosa.[35]

### B. Ley de Vehículos y Tránsito

Conscientes de que conducir un vehículo en estado de embriaguez representa un peligro para nuestra sociedad, la Asamblea Legislativa promulgó la Ley de Vehículos y Tránsito,[36] y sus subsiguientes enmiendas, con la intención de establecer una política pública a favor de la seguridad pública, y evitar muertes en la carreta por conductores en estado de embriaguez.[37] A tenor, el Artículo 7.01 de la referida ley dispone que será ilegal y constituirá *delito menos grave* el que cualquier persona bajo los efectos de bebidas embriagantes conduzca o haga funcionar cualquier

---

[32] 4 LPRA Ap. XXII-B, R. 29.
[33] *Íd.*
[34] *Íd.*
[35] 4 LPRA Ap. XXII-B, R. 76.
[36] Ley Núm. 22, *supra.*
[37] *Pueblo v. Caraballo Borrero,* 187 DPR 265, 274 (2012); *Pueblo v. Montalvo Petrovich,* 175 DPR 932, 944 (2009); *Pueblo v. Figueroa Pomales,* 172 DPR 403, 423 (2007); *López v. Porrata Doria,* 169 DPR 135, 147 (2006).

vehículo, vehículo de motor, o vehículo todo terreno. [38] Igualmente, dispone el delito señalado será sancionado de conformidad con las penas que establece el Artículo 7.04 de la Ley de Vehículos y Transito.[39]

En lo pertinente al caso de marras, el aludido Artículo 7.04 dispone en el subinciso (b)(3) que toda persona convicta por tercera ocasión y subsiguientes, de violar lo dispuesto en los Artículos 7.01, 7.02 o 7.03 de la Ley de Vehículos y Transito, se le deberá aplicar la siguiente pena:

> [. . .] multa no menor de dos mil (2,000) dólares ni mayor de cinco mil (5,000) dólares más cincuenta (50) dólares por cada centésima adicional sobre el límite de concentración de alcohol establecidas por ley y cárcel por un término no menor de sesenta (60) días ni mayor de seis (6) meses y pena de restitución, de ser aplicable. Además, como parte de la sentencia, el tribunal le ordenará prestar servicios comunitarios por un periodo no menor de sesenta (60) días y se le revocará el privilegio de la licencia de conducir de forma indefinida.[40]

Para efectos de la referida ley, se considerará reincidente "el que ha sido convicto y sentenciado por infracción a los Artículos 7.01, 7.02 o 7.03 de esta Ley, [y] comete nuevamente una infracción a los Artículos mencionados, dentro de un término no mayor de cinco (5) años, contados desde la convicción".[41] La persona que se considere reincidente no tendrá disponible el beneficio de una sentencia suspendida.[42]

### C. Principio de Especialidad

El principio de especialidad es una regla de interpretación estatutaria que toma en cuenta la relación de jerárquica en que se hallan las distintas normas que concurren en su aplicación a un hecho delictivo.[43] El referido principio se encuentra estatuido en el

---

[38] Ley Núm. 22, *supra*, 9 LPRA sec. 5201.
[39] *Íd.*
[40] Ley Núm. 22, *supra*, 9 LPRA sec. 5204.
[41] Art. 7.04 (b) (5) de la Ley Núm. 22, *supra*, 9 LPRA sec. 5204.
[42] *Íd.* Artículo 7.08, 9 LPRA sec. 5208.
[43] *Pueblo v. Plaza Plaza*, 199 DPR 276, 285 (2017). *Pueblo v. Ramos Rivas*, 171 DPR 826, 836–837 (2007).

Artículo 9 del Código Penal de 2012.[44] Este artículo aborda lo relativo al concurso de disposiciones penales, mejor conocido como el concurso aparente de leyes. Sobre el aludido principio, el articulo dispone lo siguiente:

> Cuando la misma materia se regula por diversas disposiciones penales:
>
> (a) La disposición especial prevalece sobre la general.
>
> [...].

Acorde con la doctrina, para que el principio de especialidad aplique, es requerido que concurran ante un mismo hecho varias disposiciones penales que guarden una relación de género o especie.[45] Además, será necesario que exista un conflicto que haga incompatible la aplicación simultánea de dos o más estatutos. Ello puesto que, si dos disposiciones legales coinciden en atención a unos mismos hechos, y no producen conflicto en su aplicación, pueden utilizarse a la misma vez.[46]

En cuanto a la relación de especialidad, esta puede darse entre una ley especial y otra general, como lo es el Código Penal, o entre una disposición general y otra especial en una misma ley.[47] Así, pues, lo importante será determinar si con la ley en cuestión la Asamblea Legislativa pretende dar un trato especial a la conducta específicamente legislada, distinto al trato dado a la conducta general.[48] A tenor, el Alto Foro ha expresado que, en estos casos, se deber partir del supuesto que la ley especial tiene la finalidad de excluir o desplazar la general.[49] Por consiguiente, no se trata de un principio de determinación de la pena, sino de una forma de

---

[44] Ley Núm. 146- 2012, 33 LPRA sec. 5009.
[45] D. Nevares-Muñiz, *Derecho penal puertorriqueño*, 6ta ed. rev., San Juan, Instituto para el Desarrollo del Derecho, 2010, a la pág. 128.
[46] *Pueblo v. Hernández Villanueva*, 179 DPR 872, 893-894 (2010).
[47] D. Nevares-Muñiz, *Derecho penal puertorriqueño: Parte General*, 7ma ed. rev., San Juan, Instituto para el Desarrollo del Derecho, 2015, a la pág. 130.
[48] *Pueblo v. Pérez Delgado*, 211 DPR 654, 670 (2023).
[49] *Pueblo v. Ramos Rivas*, supra, a la pág. 837.

interpretación de la ley penal.[50] Quiérase decir, que, para determinar la especialidad, hay que determinar las características y propósitos de la conducta prohibida y regulada por ambos estatutos.[51]

Establecido lo anterior, precisa resaltar que la ley especial siempre será aquella que describa de la forma más completa el curso de acción antijurídico.[52] De forma que, si el juzgador se encuentra con una legislación específicamente diseñada para los hechos ante la consideración del tribunal, estará ante una legislación especial.[53] A esos efectos, el foro primario no tendrá discreción sobre cual delito debe aplicar, y se hará mandatario aplicar el estatuto especial sobre el general.[54]

III

En el presente caso, el apelante sostiene que el foro *a quo* falló al interpretar las disposiciones del Artículo 7.04 de la Ley de Vehículos y Tránsito[55], puesto que una sentencia de culpabilidad por violaciones al Artículo 7.02[56] de la aludida ley no excluye la posibilidad de una restricción domiciliaria. Por otro lado, plantea que, la única limitación que impone la mencionada ley, en cuanto a penas alternativas, es que no estará disponible para el delito de conducir en estado de embriaguez la sentencia suspendida. Luego de examinar minuciosamente los autos ante nuestra consideración, y de estudiar detenidamente el derecho aplicable al caso de marras, coincidimos en que el error esgrimido por el apelante no se cometió. Abundamos.

El 10 de abril de 2024, se celebró el juicio en su fondo en el caso del título y se encontró al acusado culpable ***por tercera***

---

[50] L. E. Chiesa Aponte, *Derecho Penal Sustantivo*, 2da ed., Publicaciones JTS, 2013, a la pág. 82.
[51] *Pueblo v. Pérez Delgado*, supra, a la pág. 670.
[52] *Íd.*, a la pág. 671.
[53] *Íd.*, a la pág. 670.
[54] *Pueblo v. Perez Delgado*, supra, a la pág. 670.
[55] Ley Núm. 22, *supra*, 9 LPRA sec. 5204.
[56] *Íd.,* 9 LPRA sec. 5202.

*ocasión* del delito de conducir un vehículo de motor bajo los efectos de bebidas embriagantes. Así, pues, llegado el día del acto de lectura de acusación, y luego de escuchar los argumentos de las partes del título, en cuanto a la *Moción solicitando restricción domiciliaria como imposición de pena* presentada por el apelante, el juzgador de instancia, le impuso la pena que dispone el Artículo 7.04 (b)(3) de la Ley de Vehículos y Tránsito[57] para las circunstancias particulares de este caso. En cuanto a la referida moción, el foro *a quo* la declaró sin lugar. Concluyó que el antedicho artículo no admite discreción para variar la pena. Estamos de acuerdo. Nos explicamos.

La Ley de Vehículos y Tránsito es clara en que las personas convictas del delito de conducir bajo los efectos de bebidas embriagantes deben ser sancionados de conformidad con las penas que establece el Artículo 7.04.[58] Este artículo dispone que aquellas personas las cuales son reincidentes del antedicho delito convictas por ***tercera ocasión y subsiguientes***, se le debe aplicar la siguiente pena:

> [. . .] multa no menor de dos mil (2,000) dólares ni mayor de cinco mil (5,000) dólares más cincuenta (50) dólares por cada centésima adicional sobre el límite de concentración de alcohol establecidas por ley y cárcel por un término no menor de sesenta (60) días ni mayor de seis (6) meses y pena de restitución, de ser aplicable. Además, como parte de la sentencia, el tribunal le ordenará prestar servicios comunitarios por un periodo no menor de sesenta (60) días y se le revocará el privilegio de la licencia de conducir de forma indefinida.[59]

Sabido es que "si la ley es clara, libre de toda ambig[ü]edad, su letra no debe ser menospreciada con el pretexto de cumplir con su espíritu".[60] Por consiguiente, no es posible interpretar el referido Artículo 7.04 de modo que admita penas alternativas. Es decir, la única discreción que tiene el juzgador es para determinar la

---

[57] *Íd.,* 9 LPRA sec. 5204
[58] Ley Núm. 22, *supra*, 9 LPRA sec. 5204.
[59] *Íd.*
[60] *Pueblo v. Rivera Surita*, 202 DPR 800, 811 (2019).

cantidad de días de cárcel a imponer. A esos efectos, la ley deja a discreción del foro primario imponer un término entre sesenta (60) días a seis (6) meses de cárcel, para aquellos casos de reincidencia por tercera ocasión y subsiguientes.[61]

Ahora bien, uno de los argumentos del apelante, es que, dado a que el Artículo 64 del Código Penal de 2012 dispone que, en el caso de los delitos menos graves, el juzgador podrá optar por reclusión, restricción domiciliaria o servicios comunitarios, siendo el delito imputado en el presente caso uno menos grave, el tribunal podía imponerle al apelante restricción domiciliaria, en vez de cárcel.[62] No podemos pasar por alto que, tal y cual hemos expuesto, en nuestro ordenamiento jurídico vigente, existe el principio de especialidad, el cual establece que, cuando una materia se regula por diversas disposiciones penales, la especial descarta la general.[63] A esos efectos, siendo la Ley de Vehículos y Tránsito una ley especial, por lo que sus disposiciones descartan la aplicación del Código Penal en cuanto a la materia que regula. Por tanto, no le asiste razón al argumento del apelante.

En mérito de todo lo expuesto, nos es forzoso confirmar el dictamen apelado.

IV

Por los fundamentos que anteceden, se *confirma* la *Sentencia* apelada.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[61] Ley Núm. 22, *supra*, 9 LPRA sec. 5204.
[62] Ley Núm. 146, *supra*, 33 LPRA sec. 5009.
[63] *Íd.*