Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL IV

| | | |
|---|---|---|
| EL PUEBLO DE PUERTO RICO<br><br>Apelado<br><br>v.<br><br>A.I.C.G.<br><br>Apelante | TA2025AP00610 | *Apelación* procedente del Tribunal de Primera Instancia, Sala Superior de Mayagüez Asunto de Menores<br><br>Caso Núm.: J2024-31<br><br>Sobre: J2025-28 Tent. Art. 93.A CP<br>J2025-29 Art. 190.B CP<br>J2025-30 Art. 157 CP<br>J2025-31 Ley 168 Art. 6.06 |

Panel integrado por su presidenta, la Jueza Ortiz Flores, el Juez Bonilla Ortiz y la Jueza Martínez Cordero.

*Martínez Cordero, jueza ponente*

### SENTENCIA

En San Juan, Puerto Rico, a 15 de enero de 2026.

Comparece el menor A.I.C.G (en adelante, menor y/o apelante) mediante un recurso de apelación para solicitarnos la revisión de la *Resolución*, emitida el 7 de octubre de 2025,[1] reducida a escrito el día 20 y notificada correctamente el día 30, ambos del mismo mes y año, por el Tribunal de Primera Instancia, Sala Superior de Mayagüez.[2] Mediante la *Resolución* objeto de revisión, y luego que el menor se allanara a ser encontrado incurso por todas las faltas imputadas, se le impuso una medida dispositiva de treinta y seis (36) meses en cada una de las querellas, J2025-28, J2025-29 y J2025-30, a cumplirse concurrentes entre sí, pero consecutiva con treinta y seis (36) meses en la querella J2025-31, para un total de

---

[1] Sistema Unificado de Manejo y Administración de Casos del Tribunal de Apelaciones, a la Entrada Núm. 1, Apéndice 2.
[2] *Íd.*, Anejo 2.

setenta y dos (72) meses bajo la custodia del Negociado de Instituciones Juveniles (Negociado).

Por los fundamentos que expondremos, se *confirma* la Resolución *apelada.*

I

Por hechos ocurridos el 1 de mayo de 2025, se le imputó al menor haber incurrido en las faltas siguientes: (i) Robo agravado;[3] (ii) Tentativa de asesinato en su modalidad grave;[4] (iii) Portación y uso de arma blanca;[5] y (iv) Secuestro en su modalidad grave.[6] Así, pues, se determinó causa probable para cada una de las referidas faltas.[7]

Tras varias instancias procesales innecesarias de pormenorizar, las cuales incluyeron, pero no se limitaron a la presentación de un auto de *certiorari* ante este Tribunal de Apelaciones, el cual fue denegado por un panel hermano,[8] se celebró la *Vista adjudicativa* a la cual comparecieron ambas partes del título.[9] En corte abierta, el representante legal del aquí apelante expresó que se había llegado a un acuerdo para que este realizara una alegación de incurso y la imposición de treinta (36) meses por las faltas imputadas.[10] Además, solicitó que se le bonificara al menor el periodo de cinco (5) meses que llevaba en la institución juvenil.[11]

En reacción, el Ministerio Público, representado por la Procuradora de Menores, indicó que antes de aceptarse el acuerdo por parte del tribunal, el menor debía hacer una alegación de los

---

[3] Artículo 190 del Código Penal de Puerto Rico, Ley Núm. 146-2012, 33 LPRA sec. 5260.
[4] *Íd.*, Artículo 93 (a), 33 LPRA sec. 5142.
[5] Artículo de 6.06 de la Ley de Armas de Puerto Rico de 2020, Ley Núm. 168-2019, 25 LPRA sec. 466e.
[6] Artículo 157 de la Ley Núm. 146, *supra,* 33 LPRA sec. 5223.
[7] Véase Autos Originales del Tribunal de Primera Instancia (TPI).
[8] Véase *Resolución* del alfanumérico KLCE202401296. El apelante recurrió de una *Resolución,* notificada el 29 de octubre de 2024, mediante la cual el tribunal *a quo* declaró *No Ha Lugar* una solicitud de desestimación presentada por este.
[9] Véase Autos Originales del TPI.
[10] *Íd.*
[11] *Íd.*

hechos.[12] En mérito de lo anterior, el menor renunció oportunamente a sus derechos y se declaró incurso por todas las faltas imputadas. Luego, el tribunal acogió su alegación de incurso.[13] Así, pues, el juzgador de instancia procedió a hacer lectura del informe social.

Leído el referido informe y escuchados los argumentos de las partes, el tribunal acogió la determinación del menor de allanarse al término máximo de treinta (36) meses.[14] Ahora bien, antes de que las partes abandonaran la sala, el juzgador de instancia les indagó sobre porqué el acuerdo había sido que la pena fuese cumplida de manera concurrente cuando, conforme a la Ley de Armas, la pena debe cumplirse de forma consecutiva y no concurrente.[15] Escuchadas las argumentaciones de las partes, el tribunal determinó que el menor debía cumplir una medida dispositiva de treinta y seis (36) meses en cada una de las querellas, J2025-28, J2025-29 y J2025-30, a cumplirse **concurrentes** entre sí, pero **consecutiva** con treinta y seis (36) meses en la querella J2025-31 sobre Ley de Armas, para un total de setenta y dos (72) meses bajo la custodia del Negociado.[16]

Inconforme con el curso decisorio, el 30 de noviembre de 2025, el apelante acudió ante esta curia y esgrimió el señalamiento de error siguiente:

> Erró el Honorable Tribunal de Primera Instancia, Sala de Mayagüez asuntos de Menores al aplicar la discreción judicial al asunto de epígrafe, expediente J2024-31, en las querellas J2025-28 por tentativa artículo 93-A del Código Penal; J2025-29 por artículo 190 B del Código Penal; J2025-30 por artículo 157 del Código Penal; J2025-31 por Ley 168 artículo 6.06 de la Ley de armas de Puerto Rico, bajo la Ley de Menores de Puerto Rico, Ley Núm. 88 de 9 de Julio de 1986, resolviendo que las faltas imputadas en las querellas J2025-28, J2025-29 y J2025-30, correspondientes al Código Penal Ley número 146-2012, son concurrentes entre sí y consecutivas con la querella J2025-31 de la ley 168 de armas.

---

[12] Véase Autos Originales del TPI.
[13] *Íd.*
[14] *Íd.*
[15] *Íd.*
[16] *Íd.* (Énfasis suplido).

Mediante *Resolución* emitida el 4 de diciembre de 2025, ordenamos al Tribunal de Primera Instancia, Sala Superior de Mayagüez, Asunto de Menores, a remitirnos los autos originales de los expedientes judiciales **J2025-28**, **J2025-29**, **J2025-30** y **J2025-31**, relacionados al recurso de epígrafe. Además, le ordenamos a remitirnos el enlace con la regrabación de la vista celebrada el 7 de octubre de 2025. Por otro lado, concedimos a la parte apelada hasta el 30 de diciembre de 2025, para expresarse en torno al recurso.

En cumplimiento con lo anterior, recibimos los autos originales ante el TPI, así como el enlace con la grabación de los procedimientos.

El 29 de diciembre de 2025, compareció la parte apelada mediante *Alegato del Pueblo de Puerto Rico.* Con el beneficio de la comparecencia de las partes, procederemos a disponer del recurso instado.

II

**A. La Apelación en Casos Criminales**

Sabido es que, en nuestra jurisdicción, toda persona acusada tiene derecho a apelar cualquier sentencia penal que recaiga en su contra.[17] Aunque el derecho a apelación no se encuentra en nuestra Carta de Derechos, nuestro Tribunal Supremo ha puntualizado que la apelación es un privilegio estatutario de carácter cuasi constitucional.[18] Por ello, los tribunales apelativos deben velar que, al convicto, no se le prive de sus derechos de manera arbitraria, irrazonable o discriminatoria, y que no se comentan violaciones a las garantías constitucionales del debido proceso de ley e igual protección de las leyes.[19] Ahora bien, para que surja el deber de esta

---

[17] *Pueblo v. Torres Medina,* 211 DPR 950, 959 (2023).
[18] *Pueblo v. Rivera Ortiz,* 209 DPR 402, 419 (2022); *Pueblo v. Serbia* 78 DPR 788, 791–792 (1955).
[19] *Pueblo v. Rivera Ortiz,* supra, a las págs. 419-420; *Pueblo v. Esquilín Díaz,* 146 DPR 808, 816 (1998).

Curia, de atender y resolver en los méritos un recurso de apelación criminal, este Tribunal debe adquirir jurisdicción y el apelante debe cumplir con los requisitos para su perfeccionamiento.[20] Cumplido lo anterior, estaremos facultados para considerar cualquier error de derecho cometido por el tribunal de instancia y para evaluar asuntos combinados de hecho y derecho.[21]

El trámite procesal de un recurso de apelación criminal, desde el Tribunal de Primera Instancia, pasando por este Tribunal intermedio, y hasta el Tribunal Supremo, se rige por las Reglas 193 a la 217 de Procedimiento Criminal.[22] Además, las Reglas 23 a la 30.1 del Reglamento de este Tribunal rigen el trámite a seguir desde la presentación del recurso de apelación criminal hasta su perfeccionamiento.[23] En lo pertinente, la Regla 23 (A) de nuestro Reglamento dispone que un escrito de apelación criminal contra una sentencia emitida por el tribunal de instancia tiene que ser presentado ante el Tribunal de Apelaciones, dentro del término jurisdiccional de treinta (30) días, computados a partir de la fecha en que se dictó la sentencia.[24] Como es sabido, un plazo jurisdiccional es de carácter fatal. Ello quiere decir que no admite justa causa, es improrrogable, y que su incumplimiento es insubsanable.[25]

Por otra parte, precisa resaltar que cuando se estime que para resolver una apelación es necesario que esta Curia considere alguna porción de la prueba oral presentada ante el foro primario, la parte apelante deberá radicar una moción dentro de los diez (10) días siguientes a la radicación del recurso, en la cual acredite el método de reproducción de la prueba que ha de utilizar y los motivos por los

[20] *Pueblo v. Colón Canales*, 152 DPR 284, 291 (2000).
[21] *Pueblo v. Rivera Ortiz,* supra, a la pág. 422.
[22] 34 LPRA Ap. II.
[23] Reglamento del Tribunal de Apelaciones, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, págs. 37-46, 215 DPR __ (2025).
[24] *Íd.*, a la pág. 37.
[25] *Ruiz Camilo v. Trafon Group, Inc.*, 200 DPR 254, 268-269 (2018); *Martínez, Inc. v. Abijoe Realty Corp.*, 151 DPR 1, 7 (2000).

cuales ese método es el más apropiado.[26] Con respecto a la reproducción de la prueba oral mediante transcripción, la Regla 29(A) dispone que se hará conforme a la Regla 76 del mismo reglamento.[27] Cabe destacar que, la Regla 76 (C) dispone de un término de treinta (30) días, contados a partir de la entrega de la regrabación, para que la parte apelante presente la transcripción de la prueba oral, salvo que esta Curia disponga otra cosa.[28]

### B. La Ley de Menores

La Ley de Menores de Puerto Rico (Ley Núm. 88) es un estatuto dirigido a reglamentar los casos en los cuales un menor incurre en una conducta constitutiva de delito, según tipificada en el Código Penal o en alguna ley especial.[29] Específicamente, el Artículo 2 del referido cuerpo normativo dispone que este estatuto debe ser interpretado conforme a los propósitos siguientes:

> (a) Proveer para el cuidado, protección, desarrollo, habilitación y rehabilitación de los menores y proteger el bienestar de la comunidad.
>
> (b) Proteger el interés público tratando a los menores come personas necesitadas de supervisión, cuidado y tratamiento, a la vez que se les exige responsabilidad por sus actos.
>
> (c) Garantizar a todo menor un trato justo, el debido procedimiento de ley y el reconocimiento de sus derechos constitucionales.[30]

No obstante, lo anterior, es norma harta conocida que en cuanto a los procedimientos que se rigen por la Ley Núm. 88 "estos son de naturaleza *sui géneris* y no criminal, aun cuando atienden conducta constitutiva de delito según definida por las leyes penales".[31] Ahora bien, ello no implica que los menores serán excluidos de responder ante las autoridades con todo su rigor.[32] Si no, más bien, que se llevará a cabo un proceso especial en el cual el

---

[26] *In re Aprob. Enmdas. Reglamento TA*, supra, a la pág. 45.
[27] *Íd.*
[28] *Íd.*, a la pág. 99.
[29] *Pueblo en interés de la menor S.M.R.R.*, 185 DPR 417, 422 (2012).
[30] Ley de Menores de Puerto Rico, Ley Núm. 88 de 9 de Julio de 1986, 34 LPRA sec. 2202.
[31] *Pueblo en interés de la menor S.M.R.R.*, supra, a la pág. 422.
[32] *Pueblo en interés menor R.H.M.*, 126 DPR 404, 409 (1990).

menor no podrá ser detenido, transportado o recluido en instituciones de adultos, y en el cual los delitos se denominarán faltas, el juicio se denominará vista adjudicativa y la sentencia medida dispositiva.[33] Por otra parte, el término menor transgresor sustituye el término convicto en la esfera penal.[34] Entiéndase que, pese a que la Ley Núm. 88 no es una ley penal, "los procedimientos que este estatuto reglamenta conllevan la imposición necesaria de remedios de naturaleza punitiva, incluyendo la restricción de la libertad de un menor".[35]

Respecto a lo antes señalado, el Artículo 3 del mencionado estatuto define falta como una "[i]nfracción o tentativa de infracción por un menor de las leyes penales, especiales u ordenanzas municipales de Puerto Rico, excepto las infracciones o tentativas que por disposición expresa de esta ley esté excluidas".[36] Este mismo artículo clasifica las faltas en las siguientes tres (3) categorías:

> (j) Falta Clase I. — Conducta que incurrida por adulto constituiría delito menos grave.
>
> (k) Falta Clase II. — Conducta que incurrida por adulto constituiría delito grave, excepto las incluidas en falta Clase III.
>
> (l) Falta Clase III. — Conducta que incurrida por adulto constituiría delito grave de primer grado, excepto la modalidad de asesinato en primer grado que está excluida de la autoridad del tribunal; delito grave de segundo grado; los siguientes delitos graves en su clasificación de tercer grado: asesinato atenuado, escalamiento agravado, secuestro, robo, agresión grave en su modalidad mutilante, asesinato atenuado; y los siguientes delitos en leyes especiales: distribución de sustancias controladas y los Artículos 5.03, 5.07, 5.08, 5.09 y 5.10 de la Ley de Armas.
>
> [. . .].[37]

Una vez se determine que el menor ha incurrido en una de las faltas antes señaladas, el tribunal podrá imponer alguna de las medidas dispositivas siguientes:

---

[33] *Pueblo en interés menores C.L.R. y A.V.L.*, 178 DPR 315, 326-327 (2010).
[34] *Íd.*, a la pág. 327.
[35] *Pueblo v. Santiago Cruz*, 205 DPR 7, 30 (2020), citando a *Pueblo en interés menor K.J.S.R.*, 172 DPR 490, 496 (2007). (Cita depurada).
[36] Artículo 3 (i) de la Ley Núm. 88, *supra*, 34 LPRA sec. 2203.
[37] *Íd.*, Artículo 3 (j), (k) y (l).

(a) Nominal. — Orientar al menor, haciéndole conocer de lo reprobable de su conducta pero sin imponer condiciones a su libertad y las posibles consecuencias de continuar con esa conducta.

(b) Condicional. — Colocar al menor en libertad a prueba en el hogar de sus padres o en el de otra persona adecuada exigiéndole cumplir con una o más de las siguientes condiciones:

(1) Reportarse periódicamente al Técnico en Relaciones de Familia y cumplir con el programa de rehabilitación preparado por éste.

(2) Prohibirle ciertos actos o compañías.

(3) Ordenarle la restitución a la parte afectada, de acuerdo al reglamento que a esos efectos se promulgue.

(4) Ordenarle al menor realizar servicio comunitario en aquellos casos en donde se cometa una falta que conlleve una medida dispositiva de seis (6) meses o menos, siempre que no se viole las disposiciones legales que rigen el trabajo de los menores en Puerto Rico.

(5) Ordenarle al menor a pagar la pena especial establecida por el Artículo 61 del Código Penal de Puerto Rico de 2012, para aquellas conductas delictivas descritas en la Ley 183- 1998, según enmendada, conocida como "Ley de Compensación y Servicios a las Víctimas y Testigos de Delito". El tribunal podrá eximir al menor del pago de la pena especial en casos de faltas de cualquier tipo, de cumplirse los requisitos para eximir del pago de la pena especial en delitos graves establecidos en la "Ley para la Imposición de la Pena Especial del Código Penal de Puerto Rico".

(6) Cualesquiera otras condiciones que el tribunal estime favorables a su protección o tratamiento.

(c) Custodia. — Ordenar que el menor quede bajo la responsabilidad de cualquiera de las siguientes personas:

(1) El Secretario del Departamento de Corrección y Rehabilitación, en los casos que se le imponga al menor un término mayor de seis (6) meses en su medida dispositiva. El Departamento de Corrección y Rehabilitación determinará la ubicación del menor y los servicios que le serán ofrecidos. Queda prohibida cualquier forma de confinamiento solitario, medida transicional o de seguridad que implique el mantener al(la) menor aislado de la población por más de 24 horas. Asimismo, queda prohibido el uso de gas pimienta en todas las instituciones que componen el Negociado de Instituciones Juveniles.

(2) Una organización o institución pública o privada adecuada.

(3) El Secretario de Salud en los casos en que el menor presente problemas de salud mental.[38]

Establecido lo anterior, es menester señalar que las disposiciones de la Ley Núm. 88 no se rigen por la Reglas de Procedimiento Criminal, si no por las Reglas de Procedimiento para

---

[38] Artículo 24 de la Ley Núm. 88, *supra*, 34 LPRA sec. 2224.

Asuntos de Menores.[39] En lo pertinente al caso de marras, es preciso señalar que las aludidas reglas establecen que la medida dispositiva que imponga el tribunal puede ser hasta el máximo dispuesto por ley o un término inferior. Incluso, podrá ser extendido, si concurren las circunstancias contempladas por la ley.[40] De otra parte, el Artículo 8.6 es específico en que el término de custodia o supervisión impuesto puede ser tanto consecutivo como concurrente.[41] Ahora bien, será importante que se haga constar en la resolución la manera en la cual se deberá cumplir la medida, de lo contrario se entenderá que es concurrente con cualesquiera otras faltas que se impongan como parte de la resolución o cualquiera otras ya impuestas al menor previamente.

Finalmente, es necesario destacar que nuestro Tribunal Supremo ha sido enfático en que la imposición de la pena esta supedita a la sana discreción del tribunal sentenciador.[42] De manera que, el Tribunal de Apelaciones únicamente debe intervenir cuando se demuestre que dicho foro ha cometido un claro abuso de discreción.[43]

### C. La Ley de Armas

La Ley de Armas de Puerto Rico de 2020 (Ley de Armas) fue creada con el propósito de: (i) atemperarse a la realidad actual, buscando un balance entre el derecho constitucional de una persona a poseer y portar armas y el derecho del estado a regularlo; (ii) reducir los costos asociados a poseer y portar un arma; (iii) establecer una amnistía para el recogido de armas ilegales; (iv) añadir delitos adicionales por el uso indebido de armas de fuego, y (v) derogar la Ley Núm. 404-2000, según enmendada, conocida

---

[39] *Pueblo en interés menores C.L.R. y A.V.L.*, supra, a la pág. 328. Véase, además, Artículo 38 de la Ley Núm. 88, *supra*, 34 LPRA sec. 2238.
[40] Regla 8.5 de Procedimiento para Asuntos de Menor, 34 LPRA Ap. I-A, R. 8.5.
[41] *Íd.*, Regla 8.6, 34 LPRA Ap. I-A, R. 8.6.
[42] *Pueblo v. Ruiz Bosch*, 127 DPR 762, 790 (1991).
[43] *Íd.*

como "Ley de Armas de Puerto Rico".[44] La Ley Núm. 404-2000 era una legislación fundamentada en la "doctrina del privilegio", por lo que era una ley restrictiva que se enfocaba en regular la tenencia y uso de armas de fuego.[45] Como corolario de lo anterior, la Ley de Armas de 2020 tiene como fin ser consistente con la Segunda Enmienda de la Constitución de Estados Unidos, con las decisiones del Tribunal Supremo Federal, y dejar claro que, en Puerto Rico, el portar y poseer armas de fuego es un derecho fundamental e individual, al igual que en la nación norteamericana [46]

En lo pertinente al caso de marras, precisa señalar que el Artículo 6.06 tipifica la portación y uso armas blancas. Según el referido articulado el referido delito se comete por:

> [t]oda persona que sin motivo justificado use contra otra persona, o la muestre, o use en la comisión de un delito o su tentativa, manoplas, blackjacks, cachiporras, estrellas de ninja, cuchillo, puñal, daga, espada, honda, bastón de estoque, arpón, faca, estilete, punzón, martillos, bates, cuartón, escudo, hojas de navajas de afeitar de seguridad, garrotes, agujas hipodérmicas, jeringuillas con agujas o cualquier instrumento similar que se considere como un arma blanca [. . .].[47]

Así, pues, quien cometa tal delito será sancionado con una pena de reclusión de tres (3) años, la cual de mediar circunstancia agravante podrá ser aumentada hasta un máximo de seis (6) años y de mediar circunstancias atenuantes podrá ser reducida hasta un mínimo de seis (6) meses y un (1) día.[48]

Igualmente, en lo pertinente a este caso, es necesario destacar que toda pena de reclusión que se imponga bajo la Ley de Armas debe ser cumplida consecutivamente con las impuestas bajo cualquier otra ley.[49]

---

[44] Propósitos de la Ley de Armas de Puerto Rico de 2020, Ley Núm. 168-2019, 25 LPRA sec. 461 *et seq.*
[45] *Íd.*, Exposición de Motivos.
[46] *Íd.*
[47] *Íd.*, Artículo 6.6, 25 LPRA sec. 466e.
[48] *Íd.*
[49] Artículo 6.01 de la Ley de Armas, *supra,* 25 LPRA sec. 466.

### III

En su único señalamiento de error, el apelante esboza, en síntesis, que el foro de instancia incidió cuando dispuso imponer medidas dispositivas a cumplirse de forma concurrente en las querellas J2025-28, J2025-29 y J2025-30, por violación a los Artículos 93, 157 y 190 del Código Penal de Puerto Rico,[50] y una medida dispositiva adicional de treinta y seis (36) meses en la querella J2025-31, por violación al Artículo 6.06 de la Ley de Armas,[51] a cumplirse de forma consecutiva con el resto, para un total de setenta y dos (72) meses bajo la custodia del Negociado.

Según expusimos en la relación de hechos previa, durante la celebración de la *Vista adjudicativa*, el representante legal del aquí apelante indicó que se había llegado a un acuerdo con el Ministerio Publico en el cual el menor realizaría una alegación de incurso a cambió de la imposición de treinta (36) meses por las faltas imputadas y la bonificación del tiempo que el menor llevaba recluido en la institución juvenil. Luego de ciertos procedimientos de rigor, el juzgador de instancia acogió la determinación del menor de acogerse al termino máximo de treinta (36) meses. Sin embargo, cuestionó sobre las razones por las cuales el acuerdo había sido que la medida dispositiva fuese cumplida de manera concurrente cuando, según la Ley de Armas, la pena debía obligatoriamente cumplirse de manera consecutiva.

Tras escuchar los argumentos de las partes, el tribunal de instancia condenó al menor a una medida dispositiva de treinta y seis (36) meses en cada una de las querellas, J2025-28, J2025-29 y J2025-30, a cumplirse concurrentes entre sí, pero *consecutiva* con treinta y seis (36) meses en la querella J2025-31, sobre Ley de Armas, para un total de setenta y dos (72) meses.

---

[50] Ley Núm. 146, *supra.*
[51] Ley Núm. 168, *supra*

Inconforme con el curso decisorio, el apelante plantea ante esta Curia que la medida impuesta de setenta y dos (72) meses es nula en derecho. Ello, puesto a que, a su juicio, el procedimiento establecido por la Ley de Menores no admite la aplicación de penas consecutivas por tener un enfoque rehabilitador, protector y no punitivo. Lo cual significa que la medida que debía de imponer el foro de instancia era una de carácter especial, la cual no se acumularía como una pena en el sistema penal de adultos. No estamos de acuerdo.

De entrada, puntualizamos que, conforme esgrimimos en nuestra exposición doctrinal previa, aunque ciertamente la Ley de Menores tiene un enfoque rehabilitador, esto no implica que los menores serán excluidos de responder ante las autoridades con todo su rigor.[52] Incluso, aunque se ha establecido que el referido estatuto no es de naturaleza penal, sus procedimientos conllevan la imposición necesaria de remedios de naturaleza punitiva, los cuales podrían incluir la restricción de la libertad del menor.[53]

De otra parte, cabe destacar que, aunque las disposiciones de la Ley de Menores no se rigen por las disposiciones de la Reglas de Procedimiento Criminal, si no por las Reglas de Procedimientos de Asuntos de Menores,[54] estas últimas son claras en que las medidas dispositivas pueden ser impuestas hasta el máximo dispuesto por ley, el cual podrá ser cumplido tanto de manera consecutiva como concurrente.[55] Únicamente en aquellos casos en los cuales el tribunal no haga constar en su resolución la manera en la que se deberá que cumplir la medida, entonces, no podrá ser de otra forma que concurrente, cosa que en este caso no ocurrió.[56]

---

[52] *Pueblo en interés menor R.H.M.*, supra, a la pág. 409.
[53] *Pueblo v. Santiago Cruz*, supra, a la pág. 30.
[54] *Pueblo en interés menores C.L.R. y A.V.L.*, supra, a la pág. 328. Véase, además, Artículo 38 de la Ley Núm. 88, *supra*, 34 LPRA sec. 2238.
[55] Reglas 8.5 y 8.6 de Procedimiento para Asuntos de Menores, *supra.*
[56] Regla 8.6 de Procedimiento para Asuntos de Menores, *supra.*

En mérito de lo expuesto, juzgamos que, según dispuso el foro primario, el acuerdo aceptado por el menor debía ser fiel a las disposiciones de la Ley de Armas, en las cuales se establece que las penas de reclusión que se impongan bajo ese estatuto deben ser cumplidas consecutivamente con las impuestas bajo cualquier otra ley.[57] Concluimos que nada en el ordenamiento jurídico vigente apunta a que en los procedimientos de menores no deben aplicarse penas consecutivas. Al contrario, según adelantamos, la Reglas de Procedimiento de Menores dejan claro que las medidas dispositivas pueden cumplirse tanto de manera consecutivas como concurrentes, siempre y cuando el tribunal así lo indique en la resolución.

Expresado todo lo anterior, y luego de estudiar la totalidad de los autos, con especial atención al derecho aplicable en la presente controversia, forzosamente concluimos que el error esgrimido por el apelante no fue cometido por la primera instancia judicial, por lo que la única vía es confirmar el dictamen apelado. Reiteramos, que tal y como fue resuelto por el foro *a quo*, la medida dispositiva impuesta al apelante por violación a la Ley de Armas deberá cumplirse de forma consecutiva a las demás que le fueron impuestas.

IV

Por los fundamentos que anteceden, se *confirma* el dictamen apelado.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[57] Artículo 6.01 de la Ley de Armas, *supra.*